| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>JaVonne M. Phillips, Esq. SBN 187474<br>Jennifer C. Wong, Esq. SBN 246725<br>**McCarthy & Holthus, LLP**<br>2763 Camino Del Rio South, Suite 100<br>San Diego, CA 92108<br>Phone (877) 369-6122<br>Fax (619) 685-4811<br>bknotice@mccarthyholthus.com<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**MAY 09 2024**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY deramus  DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>Philip Gus Randazzo,<br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:22-bk-11186-TA<br>CHAPTER: 7<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(REAL PROPERTY)**<br><br>DATE: 4/30/2024<br>TIME: 10:30AM<br>COURTROOM: 5B<br>PLACE: 411 West Fourth Street, Santa Ana CA |

**Movant:** Wilmington Trust, National Association, not in its individual capacity but solely as Delaware Trustee of SMRF Trust X-A, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc.

1. The Motion was:    ☒ Opposed    ☐ Unopposed    ☐ Settled by stipulation

2. The Motion affects the following real property (Property):

    *Street address*:    11581 Arroyo Ave
    *Unit/suite number*:
    *City, state, zip code*:    Santa Ana, CA 92705-3005

    Legal description or document recording number (including county of recording):
    2021000491108, Orange County, California

    ☒ See attached page.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                        Page 1                                                        F 4001-1.RFS.RP.ORDER

3. The Motion is granted under:

    a. ☒ 11 U.S.C. § 362(d)(1)

    b. ☒ 11 U.S.C. § 362(d)(2)

    c. ☐ 11 U.S.C. § 362(d)(3)

    d. ☐ 11 U.S.C. § 362(d)(4).  The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

        (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

        (2) ☐ Multiple bankruptcy cases affecting the Property.

        (3) ☐ The court   ☐ makes   ☐ does not make   ☐ cannot make a finding that the Debtor was involved in this scheme.

        (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing.  Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

    b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

    c. ☐ Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not conduct a foreclosure sale of the Property before (*date*) _____.

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☐ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 2    **F 4001-1.RFS.RP.ORDER**

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☐ Other (*specify*):

###

Date: May 9, 2024

_Theodor C. Albert_
Theodor C. Albert
United States Bankruptcy Judge

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 3    F 4001-1.RFS.RP.ORDER

## Legal Description

THE LAND REFERRED TO HEREIN IS SITUATED IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

THE NORTHEASTERLY 200 FEET OF THE SOUTHWESTERLY 400 FEET OF THE SOUTHEASTERLY 230 FEET OF THE FOLLOWING:

BEGINNING AT THE NORTH CORNER OF LOT THREE HUNDRED FORTY-EIGHT IN BLOCK FOURTEEN OF THE IRVINE SUBDIVISION, IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER SHOWN ON A MAP RECORDED IN BOOK 1, PAGE 88, OF MISCELLANEOUS MAPS, RECORDS OF ORANGE COUNTY, CALIFORNIA; THENCE SOUTH 50° EAST, 25.75 CHAINS TO THE EAST CORNER OF SAID LOT THREE HUNDRED FORTY-EIGHT; THENCE SOUTH 40° WEST, 11.81 CHAINS; THENCE NORTH 50° WEST, 24.80 CHAINS TO THE NORTHWEST LINE OF SAID LOT; THENCE NORTH 35° 15' EAST 11.85 CHAINS TO THE POINT OF BEGINNING.

EXCEPTING THEREFROM THE SOUTHEASTERLY 30 FEET OF SAID SOUTHEASTERLY 230 FEET.

ASSESSOR'S PARCEL NUMBER: ▮

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014* — Page 4 — **F 4001-1.RFS.RP.ORDER**